IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-00074-01-CR-W-DW |
| | ) | |
| MICHAEL DALE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DALE'S MOTION FOR A JUDGMENT OF ACQUITTAL AT THE CLOSE OF ALL THE EVIDENCE

COMES NOW defendant Michael Dale, by and through appointed counsel, pursuant to Rule 29 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, and moves this Honorable Court to enter a judgment of acquittal on Counts One, Two and Three of the Indictment at the close of all the evidence in this case. In further support of this motion for judgment of acquittal, Mr. Dale offers the following suggestions in support:

### SUGGESTIONS IN SUPPORT

The Government failed as a matter of law to offer any evidence, either circumstantial, direct or otherwise, from which a rational juror could find beyond a reasonable doubt that Mr. Dale committed the alleged violations as charged in Counts One, Two and Three of the Indictment. Mr. Dale submits that a judgment of acquittal should be entered because the Government has failed to prove beyond a reasonable doubt each and every element of the

offenses charged in the indictment. Any conviction of Mr. Dale on Counts One, Two or Three would constitute a denial of his right to due process of law.

## II. LEGAL STANDARDS GOVERNING RULE 29 MOTIONS

Due process of law, as guaranteed to the defendant under the Fifth Amendment to the United States Constitution, requires that no person be made to suffer the onus of a criminal conviction except upon sufficient evidence. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Due process bars convictions on evidence which does not show proof beyond a reasonable doubt. *Id.* The standard of proof beyond a reasonable doubt plays a vital role in the American system of criminal justice in that it operates to give "concrete substance to the presumption of innocence to ensure against unjust convictions, and to reduce the risk of factual error in a criminal proceeding." *In re Winship*, 397 U.S. 358, 363 (1970). Under these constitutional principles, the Government has the burden of proving, beyond a reasonable doubt, each and every element of the crimes charged in the indictment. *Davis v. United States*, 160 U.S. 469, 487 (1895).

Rule 29(a) of the Federal Rules of Criminal Procedure provides in pertinent part:

> The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

FED. R. CRIM. P. 29(a). A motion for judgment of acquittal should be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements

2

of the crime charged. *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993); *United States v. DeLuna*, 763 F.2d 897, 924 (8th Cir. 1985); see also *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Goodman*, 984 F.2d 235, 237 (8th Cir. 1993) (reversing mail fraud convictions on sufficiency of evidence grounds); *United States v. Migliaccio*, 34 F.3d 1517, 1521 (10th Cir. 1994).

To be sufficient evidence, the evidence must be substantial. *United States v. Ortiz*, 445 F.2d 1100, 1103 (10th Cir. 1971), *cert. denied*, 404 U.S. 993 (1971). To be substantial, the evidence must do more than raise a mere suspicion of guilt. *United States v. Yokam*, 116 F.3d 1346, 1349 (10th Cir. 1997); *Ortiz*, 445 F.2d at 1103. Although a fact-finder may draw reasonable inferences from direct and circumstantial evidence, such inferences must be more than speculation and conjecture in order to be reasonable. *Yokam*, 116 F.3d at 1349; see also *Migliaccio*, 34 F.3d at 1521 (court would not uphold a conspiracy conviction obtained by nothing more than piling inference upon inference). A conviction cannot be found upon evidence that is consistent with both innocence and guilt. *Ortiz*, 445 F.2d at 1103. While the government is entitled to the benefit of all reasonable inferences, where evidence is equally strong to infer innocence of the crime charged as it is to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal. *United States v. Brown*, 584 F.2d 252, 262 (8th Cir. 1978); see also *Gay v. United States*, 408 F.2d 923, 931 (8th Cir.), *cert. denied*, 396 U.S. 823 (1969).

In light of these standards, the prosecution has failed to offer sufficient evidence as

3

a matter of law to support a finding that Mr. Dale is guilty of either Counts One, Two or Three. A judgment of acquittal should be entered on all counts as a matter of law.

## III. ELEMENTS OF THE OFFENSE

The government's evidence is legally insufficient with regard to the elements of counts One, Two and Three for the following reasons:

### A. Count One

The Government has failed to adduce sufficient evidence to prove beyond a reasonable doubt that Michael Dale committed the offense of conspiracy to distribute in excess of 5 kilograms of cocaine, and in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The Government has failed to adduce sufficient evidence to prove beyond a reasonable doubt the following elements:

(1) That Mr. Dale was part of any agreement or understanding reached between January 1, 2002, and August 31, 2004, to distribute a mixture or substance containing cocaine and cocaine base;

(2) That defendant voluntarily and intentionally joined in any agreement or understanding;

(3) That the defendant knew of the purpose of the agreement or understanding;

(4) That any agreement or understanding involved in excess of 5 kilograms of a mixture or substance containing cocaine; and

(5) That the agreement or understanding involved in excess of 50 grams of a mixture

or substance containing cocaine base.

**B.   Counts Two & Three**

The Government has failed to adduce sufficient evidence to prove beyond a reasonable doubt that defendant committed the offense of using a firearm during and in relation to a drug trafficking crime which resulted in first degree murder, as charged in Counts Two and Three of the indictment. The Government has not proven a violation of 18 U.S.C. § 924(c)(1) & (j)(1), as well the acts of murder as defined in 18 U.S.C. §§ 1111 and 2.

The Government has failed to adduce sufficient evidence to show beyond a reasonable doubt that Mr. Dale:

(1) willfully and intentionally committed the crime of conspiracy to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base as charged in Count One of the Indictment;

(2) Knowingly used a firearm

(3) Knowingly used a firearm during and in relation to the drug conspiracy charge in Count One

(4) Killed Anthony Rios or knowingly used a firearm to cause the death of Rios

(5) Killed Olivia Raya or knowingly used a firearm to cause the death of Raya

(6) Acted with malice aforethought

(7) Acted with premeditation

5

(8) Aided and abetted knowingly using a firearm

(9) Aided and abetted knowingly using a firearm during and in relation to a drug conspiracy

(10) Aided and abetted in killing and/or causing the death of Anthony Rios

(11) Aided and abetted killing and/or causing the death of Olivia Raya

(12) Aided and abetted causing the death of either Anthony Rios and Olivia Raya with malice aforethought

(13) Aided and abetted committing premeditated murder of Anthony Rios and Olivia Raya.

The evidence also does not establish that the events in question occurred during and in relation to the charged drug conspiracy in Count One.

**IV.  RENEWAL OF PRETRIAL MOTIONS**

Mr. Dale incorporates by reference herein each and every motion and objection made either before trial or during the trial of this cause as further grounds for acquittal, which included, but are not limited to:

Defendant Dale's Motion to Suppress Statements, Supplemental Suggestions in Support of Motion to Suppress Statements, Objections to the Report and Recommendation regarding same, and all arguments made during suppression hearings and during trial.

Defendant Dale's Motion to Sever and Appeal of Denial of Motion to Sever.

All objections at trial made as to the admissibility of the evidence of the North Kansas

City traffic stop of codefendant Johnson and the search of codefendant Johnson's house as relevant evidence to Mr. Dale.

All objections at trial made to references of gangs in the taped statement of Mr. Dale and the inadvertent reference to gangs in the testimony of Agent Robert Plant.

All objections at trial made to the tape recorded statement of Mr. Dale to the extent that the circumstances surrounding the tape, as well as portions of the taped conversation, clearly demonstrate that Mr. Dale was in federal custody for another criminal matter not related to the offenses charged in this case.

The request for mistrial based on the reference to gangs in the testimony of Agent Robert Plant and the prosecutor's line of questions about the Bates County Jail (where Michael Dale was housed during the tape recorded statement) as being a facility with a federal contract with the United States Marshal's Office.

Mr. Dale's motion for judgment of acquittal made at the close of the Government's evidence.

## V. CONCLUSION

This Honorable Court should grant defendant Dale's Motion for Judgment of Acquittal at the Close of All Evidence, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and for such other and further relief that the Court may deem just and proper.

Respectfully submitted,

GADDY GEIGER & BROWN PC

BY: _____
W. BRIAN GADDY      #42701
2345 Grand Blvd., Ste. 675
Kansas City, MO 64108
Tel: (816) 221-8989
Fax: (816) 221-8988
Email: bgaddy@ggbtrial.com
*Appointed Counsel for Michael Dale*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ day of November, 2007, the foregoing was filed in open court, and hand-delivered to the following:

Gregg Coonrod
gregg.coonrod@usdoj.gov
Kate Mahoney
kate.mahoney@usdoj.gov
Assistant United States Attorneys
400 E. 9th St, 5th Fl.
Kansas City, MO 64106
*Attorneys for the United States*

_____
*Attorney for Defendant Dale*

8