# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. DALE, | ) |
|     Movant, | ) |
| v. | ) |
| UNITED STATE OF AMERICA, | ) |
|     Respondent. | ) |

No. 12-00403-CV-W-DW-P

## ORDER

Before the Court are Movant Michael Dale's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), Motion for Post-Conviction Discovery Pursuant to Rule 6 of the Rules Governing 2255 Habeas Proceedings (Doc. 7) and Motion for "Leave of Court" to Amend Pending 2255 (Doc. 8).

## I. BACKGROUND

On February 28, 2006, an indictment was returned in the Western District of Missouri charging Movant with conspiracy to distribute five kilograms of cocaine and fifty grams or more of cocaine base (Count I) and two counts of using a firearm in furtherance of a drug trafficking crime, and in doing so, committing the first-degree murders of Anthony Rios and Olivia Raya (Counts II and III). Also named in the indictment were Dyshawn Johnson and Bryant Burton. Johnson was charged in the same counts as Movant: Counts I, II and III. Burton was charged in Counts I and IV (for being a felon in possession of a firearm).

Burton pleaded guilty before trial pursuant to a cooperation agreement. Movant and Johnson's jury trial commenced on November 26, 2007.[1] On December 3, 2007, a jury found Movant and Johnson guilty on all counts charged. The Court sentenced Movant to three consecutive life sentences. Movant appealed, and the Eighth Circuit affirmed.[2] The United States Supreme Court denied Movant's petition for writ of certiorari on April 4, 2011. Movant then filed the present pro se motion pursuant to 28 U.S.C. § 2255.

Movant attacks his convictions on various grounds. First, Movant argues that his trial counsel was ineffective for failing to object to the government's non-disclosure of investigative reports and to the introduction of a redacted transcript during the suppression hearing. Next, Movant argues that his counsel was ineffective for failing to argue that suppression of the transcript was required because the transcript was obtained in violation of the Court's detention order. Finally, Movant appears to argue that his Sixth Amendment right to confrontation was violated at trial.

After Movant's § 2255 motion was fully briefed, Movant filed a motion to amend and a motion for discovery.

---

[1] The Court denied Movant and Johnson's request to sever the proceedings and have separate trials. That decision was affirmed on appeal.

[2] United States v. Dale, 614 F.3d 942 (8th Cir. 2010). The Eighth Circuit denied Movant's petition for rehearing by the panel and rehearing en banc.

## II. SECTION 2255 MOTION

### A. Ineffective Assistance Claims

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (internal marks omitted). To succeed on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove a counsel's performance is deficient, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." Id.

A court need not address whether counsel's performance was deficient if it finds that the defendant suffered no prejudice from the alleged deficiency. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997). To establish prejudice, the defendant must prove a reasonable probability exists that the trial's outcome would have been different absent the alleged deficiency. See Freeman v. Graves, 317 F.3d 898, 900 (8th Cir. 2003).

Movant first claims that his trial counsel was ineffective because counsel did not object to the government's failure to produce certain investigative reports. The Honorable Sarah W. Hays held a suppression hearing on September 11, 2007, which was continued to September 27, 2007. During cross-examination of FBI Special Agent Robert Plant at the first suppression hearing, the issue arose as to whether the government had produced to

Movant all investigative reports related to interviews with Anthony Smith.[3] The first suppression hearing was continued so the parties could resolve this discovery issue.

At the second suppression hearing, counsel for Movant acknowledged that the government had previously produced the investigative reports, which he had overlooked because the reports had not used Smith's name in order to protect his identity. The record does not indicate that there are any reports that the government failed to disclose and Movant has not sufficiently described any other reports he believes exist that were not disclosed. Movant has not proven a reasonable probability exists that the trial's outcome would have been different had counsel objected to any alleged undisclosed reports, therefore his ineffective assistance claim fails for lack of prejudice.

Movant also claims that counsel was ineffective for failing to object to the use of a transcript of his recorded statements at the suppression hearings.[4] The recorded statements referred to are those Movant made to Anthony Smith while both were incarcerated. In July of 2005, Smith implicated Movant in the murders of Rios and Raya. The following month, the government arranged for Smith and Movant to be transported to and from the federal courthouse in the same jail van so that Smith could question Movant about his involvement in the murders. Smith agreed to record the conversation and was wearing a hidden recording device. Their conversation was recorded and later transcribed

---

[3] As further explained in the next section, Anthony Smith is an inmate who provided information to and cooperated with the government regarding Movant's involvement in the Rios and Raya murders.

[4] Although counsel stated no objection to the admission of the transcript for the purposes of the suppression hearing, counsel stated that he "may have some objections later at trial." Counsel did object to the use of the transcript at trial.

by the government, which sought to use it as evidence that Movant committed the murders. Movant filed a motion to suppress the jail van statements, which was denied after the two suppression hearings and supplemental briefing. The transcript of the statements was presented to the jury at trial.

Movant's argument that his counsel was ineffective for failing to object to the limited use of the transcript at the suppression hearing is without merit. In most cases, as here, the Court would be unable to rule on a motion to suppress if it were not allowed to know what information the party seeks to have suppressed. Further, Movant has not established that the outcome of the trial would have been any different had counsel objected to the transcript's use at the suppression hearing. Accordingly, Movant cannot show prejudice by counsel's failure to object to the limited use of the transcript during the suppression hearing.

Finally, Movant argues that his counsel was ineffective for failing to properly argue that the recorded statements should be suppressed because they were obtained in violation of the Court's detention order. The detention order referred to is the one issued on May 5, 2005 in the case <u>United States v. Michael Dale</u>, Case No. 05-CR-00195-HFS, a separate case in which Movant was the defendant. In that case, Movant was charged with drug crimes and being a felon in possession of a firearm. The government requested that Movant be detained prior to trial. The Court granted the government's motion and issued a detention order.[5] The following language appeared in the detention order:

---

[5] Movant was in custody for this separate 2005 case when the indictment was returned charging Movant with the murders of Rios and Raya and the drug conspiracy involving Johnson

> [T]he Court directs that: The defendant be committed to the custody of the Attorney General for confinement in a corrections facility *separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal*; and . . . That, upon an order of a court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to the United States Marshal *for the purpose of an appearance in connection with court proceedings*.

(emphasis added).

The recorded statements were obtained from Movant on August 30, 2005. At that time, Movant's case had not yet gone to trial nor had he entered a plea. Also at that time, Smith was serving a sentence for his felon in possession conviction. Therefore, according to the detention order, Movant and Smith should have been kept separate "to the extent practicable." Further, although the evidence at the suppression hearings was not entirely clear, it appears that Movant did not have a court proceeding on August 30, 2005 that would require his appearance at the federal courthouse. Movant argues that his counsel should have argued for suppression because the recorded statements were obtained in violation of the detention order.

Movant's claim that his counsel did not make these arguments is unsupported by the record. In Movant's supplemental suggestions to his motion to suppress, Movant's counsel extensively argued for suppression based on violation of the detention order. Judge Hays acknowledged and agreed with some of Movant's arguments in her Report and Recommendation, which was adopted by the undersigned, however found that the existing

---

and Burton.

law did not support suppression in this case.

Further, the Eighth Circuit also addressed Movant's arguments on appeal: "Dale renews the arguments he made in support of his motion to suppress. . . . Dale argues that the executive conduct in this case—placing him in a vehicle with Smith for the purpose of tricking Dale into incriminating himself and violating the district court's detention order—violated his right to due process." United States v. Dale, 614 F.3d 942, 953-54 (8th Cir. 2010). The record is clear that Movant's counsel argued for suppression based on the government's violation of the detention order. Therefore, counsel's performance was not deficient.

Additionally, because the Eighth Circuit considered this issue and affirmed the Court's rulings, Movant cannot raise this claim again in his § 2255 motion. "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (internal marks omitted) (quoting United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981)). The Eighth Circuit held that suppression of the transcript was not warranted based on any violations of the detention order. Accordingly, Movant's claim for ineffective assistance of counsel on this basis is denied.

## B. Confrontation Clause Claim

In this claim, Movant appears to be arguing that his Sixth Amendment right to confrontation was violated when the recorded statements were presented to the jury. The Court finds this claim fails for various reasons.

First, Movant had an adequate opportunity to cross-examine Smith at the

suppression hearing and at trial, so the basis of Movant's claim for a Confrontation Clause violation is unclear.

Second, this claim involves an evidentiary ruling and thus is considered waived if not raised on direct appeal. See Houser v. United States, 508 F.2d 509, 515-16 (8th Cir. 1974); see also Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970) ("Section 2255 does not exist to . . . correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal."). Movant did not raise this Confrontation Clause issue in his appeal, and thus the Court deems the issue waived.[6]

For these reasons, Movant is not entitled to relief on his Confrontation Clause claim.

### III. MOTION FOR DISCOVERY

In his motion for post-conviction discovery, Movant seeks security camera footage and other documents and materials related to his claim that the recorded conversation between him and Smith should have been suppressed because it was obtained in violation of the detention order. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). A habeas petitioner is only entitled to discovery if his specific

---

[6] Nonetheless, Movant would not have been successful on this claim had he raised it on appeal. Movant's co-defendant Johnson argued on appeal "that the admission as evidence of Dale's recorded incriminating statements violated Johnson's right to cross-examine Dale at trial, in violation of the Sixth Amendment." Dale, 614 F.3d at 954. In addressing Johnson's Confrontation Clause argument, the Eighth Circuit stated: "It is now clear that the Confrontation Clause does not apply to non-testimonial statements by an out-of-court declarant." Id. at 955 (citing Davis v. Washington, 547 U.S. 813, 821-22 (2006) and Whorton v. Bockting, 549 U.S. 406, 412 (2007)). The Eighth Circuit then held that "[u]nder any formulation of the rule, Dale's incriminating statements made to Smith were not testimonial." Id. at 956. Because the Eighth Circuit found the statements to be non-testimonial, any Confrontation Clause claim raised by Movant would have been denied.

allegations give the court reason to believe that, if the facts are fully developed, the petitioner may be able to demonstrate he is entitled to relief. Id. at 908-09.

As previously stated by the Court, Movant's argument for suppression based on violations of the detention order was raised and decided on direct appeal, thus it cannot be relitigated in habeas proceedings. Because Movant seeks discovery related to a claim in which he is not entitled to relief, his request is denied.

### IV. MOTION TO AMEND

In his motion to amend his § 2255 petition, Movant seeks to add claims for government misconduct and violations of 18 U.S.C. §§ 2510, *et seq.* Movant's request to amend is denied as untimely.

A motion filed pursuant to § 2255 must be filed within one year from the date that the judgment became final. 28 U.S.C. § 2255(f)(1). Here, Movant's judgment became final on April 4, 2011 when the Supreme Court denied his petition for writ of certiorari. Movant had one year from such date to file his § 2255 motion. His initial motion, filed March 30, 2012, was timely. However, his motion to amend to add additional claims was filed February 27, 2013, and therefore was untimely.

The only way Movant can amend his § 2255 motion to add these untimely claims is if the new claims relate back to the timely-filed claims. See Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010); see also Fed. R. Civ. P. 15(c).

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original motion. To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts.

Id. (internal marks and citations omitted). New claims that depend on events separate in "both time and type" from the originally-raised episodes do not relate back. Mayle v. Felix, 545 U.S. 644, 650 (2005). The Court finds that Movant's new claims depend on events separate in both time and type from his original claims, and thus do not relate back to his timely § 2255 motion.

One of Movant's new claims alleges government misconduct. Movant claims that various individuals involved in this case—either as prosecutors, investigators or persons otherwise involved in law enforcement—conspired to knowingly and willfully falsify government documents so that Movant would be placed in the transport van with Smith in violation of the Court's detention order. Although Movant's original § 2255 motion did raise a claim involving the detention order, that claim alleged that Movant's counsel was ineffective for failing to argue for suppression of Movant's statements. The facts that support that claim are different in both time and type from those that support Movant's new claim that government actors willfully conspired to falsify government documents.

Movant's other new claim alleges that his statements were recorded in violation of 18 U.S.C. §§ 2510 *et seq.*, in that the transport van was outfitted with a recording device without receiving the required court approval and without posting a warning that statements made in the van were subject to monitoring. This claim is also different in both time and type from any of the claims Movant raised in his original § 2255 motion, and thus does not relate back.

Because the new claims Movant seeks to raise are untimely and do not relate back to his original § 2255 motion, Movant's motion to amend is denied.

## V.  CONCLUSION

As the record provides all facts necessary to determine the merits of Movant's claims, the Court denies an evidentiary hearing in this case. See United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005) (holding that where the motion, files and records are conclusive, an evidentiary hearing on a § 2255 motion is not necessary).  Furthermore, for the reasons set forth in this order, the Court finds that Movant has failed to make a substantial showing that he has been denied constitutional rights.  See 28 U.S.C. § 2253(c)(2); Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Accordingly, he is denied a certificate of appealability.

For the reasons stated above, it is hereby ORDERED that:

(1) Michael Dale's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is DENIED;

(2) Movant is DENIED a certificate of appealability;

(3) Movant's Motion for Post-Conviction Discovery Pursuant to Rule 6 of the Rules Governing 2255 Habeas Proceedings (Doc. 7) is DENIED; and

(4) Movant's Motion for "Leave of Court" to Amend Pending 2255 (Doc. 8) is DENIED.

SO ORDERED.

Dated: October 8, 2013        /s/ Dean Whipple
                              DEAN WHIPPLE
                              UNITED STATES DISTRICT COURT JUDGE