IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 06-00074-01-CR-W-DW |
| MICHAEL L. DALE, | |
| Defendant. | |

**MOTION TO AUTHORIZE TURNOVER FROM INMATE TRUST ACCOUNT**

The United States of America, pursuant to 18 U.S.C. §§ 3613(a), 3664(m)(1)(A) and (n), hereby requests the Court enter an Order directing the Bureau of Prisons (BOP) to turn over to the Clerk of the Court $12,401.34 in funds held in defendant Michael L. Dale's inmate trust account as payment toward the criminal monetary penalties imposed in this case. In support of this motion the United States states as follows:

**FACTUAL BACKGROUND**

1. On June 11, 2008, this Court sentenced the defendant and ordered him to pay restitution in the amount of $12,762.43, plus interest, and a $300 special assessment. ECF No. 295. The special assessment and restitution were ordered due immediately. *Id.*

2. The defendant is in federal custody and is currently assigned to the Federal Correctional Institution (USP Hazelton) in Bruceton Mills, West Virginia.

3. On February 28, 2020, the United States filed a Motion to Authorize Turnover from Inmate Trust Account requesting BOP turn over $2,800 from the defendant's inmate trust account, to be applied to his outstanding restitution balance. ECF No. 355. On April 29, 2020, this Court entered an order granting the motion of the United States and directing the BOP to turnover $2,800.00 to the Clerk of the Court in partial satisfaction of the defendant's restitution balance. ECF No. 358. On May 7, 2020 the Clerk received $2,800.00 from the BOP pursuant to this Court's order.

4. As of April 27, 2021, the defendant has a restitution balance due of $12,401.34.

5. Th defendant has an inmate trust account maintained by the BOP, an agency within the United States Department of Justice. In accordance with its regulations, BOP deposited these funds into the defendant's trust account and it maintains, in its possession, custody, or control approximately $14,900.83 in funds belonging to the defendant, as of April 5, 2021.

## ANALYSIS

In order to satisfy the restitution ordered by the Court as part of the defendant's judgment, the United States seeks turnover of funds from the defendant's inmate trust account. 18 U.S.C. §§ 3613(a), 3664(m)(1)(A) and (n).

Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arose against all of the defendant's property and rights to property, including the defendant's interest in funds held by BOP in his inmate trust account. Criminal assessments

including restitution are enforced by the United States in the manner that fines are enforced in criminal cases. *Id*. at § 3013(b). Such enforcement is governed by the procedures for the enforcement of criminal monetary penalties set out in 18 U.S.C. §§ 3613(a) and (f). "[N]otwithstanding any other Federal law," the United States may enforce a judgment imposing a fine "against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). Moreover, a Court's restitution order may be enforced by the United States, "by all other available and reasonable means." *Id*. at § 3664(m)(1)(A)(ii).

Moreover, the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664, requires the application of resources received from any source during defendant's term of incarceration to the defendant's outstanding restitution obligation. Section 3664 sets out the procedures for the imposition and enforcement of restitution:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required to apply the value of such resources to any restitution or fine still owed.*

18 U.S.C. § 3664(n) (emphasis added); *see also United States v. Cunningham, et al.*, 866 F. Supp.2d 1050, 1061-62 (S.D. Iowa 2012) (entire amount of defendant's disability retirement payments could be garnished while defendant was incarcerated as necessary and appropriate to effectuate § 3664(n) and the restitution order).

Furthermore, although some exceptions to enforcement under § 3613(a) exist, cash held in an inmate trust account does not fall within a category of exempt property. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable property exemptions for criminal cases). Funds in an inmate trust account are not: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) service-connected disability payments; or (10) assistance under the Job Training Partnership Act. *See* 18 U.S.C. § 3613(a)(1). Accordingly, funds held in the defendant's inmate trust account are not exempt and are thus subject to turn over. *Id*. at § 3613(a)(1); *see also* 28 U.S.C. § 3202(d).

Finally, it should be noted that a criminal defendant must notify the Court and the United States Attorney's Office of any material change in the defendant's "economic circumstances" that might affect the defendant's ability to pay restitution. 18 U.S.C. § 3664(k). "Upon receipt of the notification, the Court may, on its own motion, or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id*. The defendant's receipt of $14,900.83 constitutes a material change in his economic circumstances that affects his ability to pay under § 3664(k), yet the defendant did not provide the required notice.

4

Because the defendant is incarcerated and has $14,900.83 in his inmate trust account, he "shall be required to apply the value of such resources" to amounts he still owes. 18 U.S.C. § 3664(n). As the United States has a valid lien against this property, and the funds are already in the possession of the United States, execution or garnishment are unnecessary. Rather, an order authorizing turnover of the funds is appropriate.

Accordingly, the United States requests the Court order BOP to turn over funds in the amount of $12,401.34 from defendant's inmate trust account to the Clerk of the Court.

WHEREFORE, the United States requests that this Court enter an Order directing the Bureau of Prisons to turn over funds in the amount of $12,401.34 from the defendant's inmate trust account to the Clerk of the Court in full satisfaction of the defendant's restitution balance.

    Respectfully submitted

    Teresa A. Moore
    Acting United States Attorney

By    */s/ Mary Kate Butterfield*
    Mary Kate Butterfield
    Illinois Bar No. 6306477
    Assistant United States Attorney
    Charles Evans Whittaker Courthouse
    400 E. 9th Street, Room 5510
    Kansas City, MO 64106
    Telephone: (816) 426-7166

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2021, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system. I further certify that any non-ECF participant, if listed, was served a true and correct copy of the foregoing document via U.S. Mail, redacted here pursuant to Fed.R.Crim.P. 49.1(a)(5).

    Michael Dale, Inmate No. 18073-045
    USP Hazelton
    U.S. Penitentiary
    P.O. Box 2000
    Bruceton Mills, WV 26525
    Defendant

                                      ***/s/ Mary Kate Butterfield***
                                      Mary Kate Butterfield
                                      Assistant United States Attorney